872 F.2d 431
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
James E. BUSHER, Defendant-Appellant.
 No. 88-1200.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1989.
Decided April 7, 1989.
 Before CHOY, SNEED and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant James E. Busher was convicted of violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Secs. 1961 et seq. (1982) (RICO). He appeals a district court order pursuant to 18 U.S.C. Sec. 1963(a) forfeiting his entire interest in certain construction businesses and real property located at Zephyr Cove, Nevada.[1] We affirm the district court.
 
 ANALYSIS
 
 3
 The businesses at issue are ATL, Inc. (ATL), of which Busher owns 92 percent, and J.W. Contracting Co. (JW), which he owns outright. These are Hawaii corporations that operate as contractor and subcontractor, respectively, in the construction business.
 
 
 4
 We ruled in a previous appeal in this case, that the district court should determine "whether the forfeiture [of the businesses and property] was so grossly disproportionate to the offense committed as to violate the eighth amendment." United States v. Busher, 817 F.2d 1409, 1415 (9th Cir.1987). Contrary to Busher's assertions, that is the appropriate standard of analysis. See, e.g., Solem v. Holm, 463 U.S. 277, 288 (1983). We now review the district court's determination for an abuse of discretion. Busher, 817 F.2d at 1416.
 
 
 5
 We dismiss at the outset two of Busher's contentions: first that his punishment for eighth amendment purposes should include the damages assessed against him in collateral civil proceedings; and second, that the district court should have measured the financial value of ATL and JW as of the time when the companies were suspended from doing any further business with the government, instead of from the time they were forfeited. The eighth amendment applies only to sanctions imposed by the state as a criminal punishment; civil sanctions, like the ones assessed in the collateral proceedings, are not covered by the amendment. Ingraham v. Wright, 430 U.S. 651, 668 (1977). It follows that the extent of a punishment is best measured at the time it is imposed. Busher's businesses may have suffered a diminution in value prior to forfeiture because the scandal of prosecution clouded their economic future. But that "sanction" was not imposed by the United States as criminal punishment and should not be considered in measuring the impact of the sentence actually imposed.
 
 
 6
 The district court acted properly in finding that ATL had a negligible financial value. Although ATL's net worth as stated on a 1984 balance sheet was $1,142,818, it had outstanding tax and other liabilities that reduced its apparent net worth to $197,797. But this figure was incorrectly high. On liquidation, there was not enough money in the company to satisfy its creditors' claims. ATL's net worth was actually negative.
 
 
 7
 The district court found that the value of JW was negligible as well. The basis of this finding is that JW's income was derived from false invoices submitted to ATL. The source of JW's income shows that it had no value as a going business but does not determine its net worth. Busher claims that the net worth was over $1 million "in bank account balances, securities, and real estate." It cites to no part of the record in support of this contention. The government has supplemented the record by the affidavit of JW's trustee showing that the total of assets. JW was worth no more than $220,000.
 
 
 8
 In addition to the forfeiture of the two companies, Nevada real estate, worth $200,000 when sold, was forfeited. Therefore the total forfeiture was approximately $420,000.
 
 
 9
 The total fraud, as conceded by Busher, amounted to at least $355,000. A forfeiture of property worth $420,000 is not so disproportionate as to be cruel and unusual.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. Sec. 1963(a) provides, in pertinent part, that a person convicted under Sec. 1962--the substantive RICO provision--"shall forfeit to the United States (1) any interest he has acquired or maintained in violation of section 1962, and (2) any interest in ... any enterprise which he has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962."